TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------
AXA INSURANCE COMPANY,

         Plaintiff,  : CIVIL ACTION No.

  v.

BNSF LOGISTICS, LLC; ASR TRUCKING LLC
and MAHENDRA PATEL,        **COMPLAINT**

         Defendants. :
-------------------------------------------------------------------

The Plaintiff herein, by their attorney, Timothy D. Barrow, complaining of the above Defendants, pleading upon information and belief as follows:

### THE  PARTIES

1. At and during all times hereinafter mentioned, Plaintiff AXA INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of State of Delaware and is authorized to do business in the State of New Jersey with its principal office at 200 Liberty Street, New York, New York 10281.

2. At and during all times hereinafter mentioned, Defendant BNSF LOGISTICS, LLC (hereinafter referred to as "BNSF") is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Delaware with its main office and business located at 2710 S. 48th Street, Springdale, Arkansas 72762. Said Defendant does business in New Jersey, is authorized to operate in the State of New Jersey by  the Federal Motor Carrier Safety Administration (FMCSA) and has designated Kenneth A. Olsen, 33 Philhower Road, Lebanon,

New Jersey 08833 as its agent for service of process listed by the blanket service company Service Of Process Agents, Inc. pursuant to federal regulation.

3. At and during all times hereinafter mentioned, Defendant ASR TRUCKING LLC (hereinafter referred to as "ASR") is a corporation or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 3 Rycroft Road, Mechanicsburg, Pennsylvania 17050. Said Defendant does business in New Jersey, is authorized to operate in the State of New Jersey by the FMCSA and has designated Ontime Legal Services LLC, 361 Bergen Avenue, Bellmawr, NJ 08031 as its agent for service of process listed by the blanket service company #1 Ace Licensing & Permits Services LLC pursuant to federal regulation.

4. At and during all times hereinafter mentioned, Defendant MAHENDRA PATEL (hereinafter referred to as "PATEL") is an individual with a residence/business address at 3001 Route 130 Apt. 52B, Riverside, New Jersey 08075. Said Defendant does business in New Jersey, is authorized to operate in the State of New Jersey by the FMCSA and has designated James Corsey, 600 Birchfield Road, Suite 601, Mount Laurel, NJ 08054 as his agent for service of process listed by the blanket service company Truck Process Agents of America, Inc. pursuant to federal regulation.

5. Plaintiff brings this action as the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the any successor insurer to Plaintiff as well as the shipper L'Oreal USA Inc., the consignee and/or owner of the subject cargo as their interests may appear, including any applicable deductibles.

6. Defendant BNSF is a FMCSA authorized interstate operating contract motor carrier and/or freight forwarder of cargo for hire for the benefit of certain shippers and/or consignees and was acting as the origin carrier of the subject shipment entrusted with its care, custody and control.

7. Defendant BNSF was and is also engaged in business as a transportation broker who arranges,

provides for and/or contracts with authorized motor carriers for the transportation of cargo in interstate commerce for the benefit of certain shippers and/or consignees.  However, said Defendant as transportation broker acted as an unauthorized motor carrier of cargo for hire in regard to the subject shipment and was acting as the origin carrier of the subject shipment entrusted with its care, custody and control.

8. Defendant BNSF is a registered FMCSA transportation property broker pursuant to 49 U.S.C. § 13904 and who sells, arranges, provides for, and/or contracts with authorized motor carriers determined fit to perform the transportation of cargo in interstate commerce for the benefit of certain shippers and/or consignees.

9. Defendant ASR is a FMCSA authorized interstate operating common carrier of cargo for hire for the benefit of certain shippers and/or consignees and was acting as the sub- carrier of the subject shipment entrusted with its care, custody and control.

10. Defendant PATEL took custody and control while in his care of the subject shipment as the authorized operator and truck driver to pick-up the same at the shipper's New Jersey premises, transport and deliver to the consignee at destination of Southhaven, MS as requested and agreed by Defendants ASR & PATEL and/or by sub-contract with ASR.

## JURISDICTION AND VENUE

11.  Plaintiff's causes of action and claims are within the original jurisdiction of this Honorable Court arising under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 and also pursuant to 28 U.S.C. § 1337(a). The Court may also exercise jurisdiction over the matters herein under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.  Venue is proper and appropriate for this action pursuant to 49 U.S.C. § 14706 (d) against the

contracted delivering carrier Defendant BNSF as well as ASR who operate within this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (c) as the said Defendants are subject to personal jurisdiction in this District at the time of commencement of suit and under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to these claims occurred in this judicial district. Furthermore, Plaintiff's insured L'Oreal USA Inc. has a Motor Carrier Transportation Agreement with Defendant BNSF for venue of disputes arising from the contract in Union County, New Jersey which is within the vicinage of this U.S.   District  Court at Newark.

## THE FACTS

13.   Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 12 of the  within Complaint in their entirety, as if set forth herein at length.

14.   On or about June 6, 2019 Defendant BNSF agreed to transport 26 pallets consisting of 588 packages  of cosmetics & beauty products (toilet preparations) in good order, condition and quantity from L'Oreal USA Inc. in Monmouth Junction,    New Jersey  on  behalf  of  Plaintiff's insured for delivery to consignee Priority Fulfillment        Service, Inc.  in        Southhaven, Mississippi for consideration of certain agreed freight paid or to be paid pursuant to Master Bill of Lading # 00960189013996791 or by other delivery note or receipt.

15.   On or about June 6, 2019 Defendant BNSF also agreed to transport 7 pallets consisting of 112 packages of cosmetics & beauty products (toilet preparations) in good order, condition and quantity from L'Oreal USA Inc. in Dayton, New     Jersey  on  behalf  of  Plaintiff's  insured  for delivery to consignee Priority Fulfillment Service, Inc. in Southhaven, Mississippi for consideration of certain agreed freight paid or to be paid pursuant to Master Bill of Lading # 00960189013990430 or by other delivery note or receipt.

16.   On or about June 6, 2019 Defendant BNSF also agreed to transport 14 pallets consisting of 550 packages of cosmetics & beauty products (toilet preparations) in good order, condition and

quantity from L'Oreal USA Inc. in Monmouth Junction, New Jersey on behalf of Plaintiff's insured for delivery to consignee Priority Fulfillment Service, Inc. in Southhaven, Mississippi for consideration of certain agreed freight paid or to be paid pursuant to Master Bill of Lading # 00960189013996791 or by other delivery note or receipt.

17. Defendant BNSF or those acting on their behalf or at said Defendant's direction took possession of the aforesaid subject cargos in the same good order, quantity and condition as received at Monmouth Junction and Dayton, New Jersey pursuant to the recited Master Bills of Ladings herein and/or delivery notes or receipts for the interstate transportation by motor carrier to Southhaven, Mississippi on or about June 10, 2019.

18. On or about June 7, 2019, Defendant BNSF had arranged and/or contracted the intended interstate transportation of the subject shipments with Defendant interstate motor carrier ASR who was acting as sub-carrier for these shipments.

19. On or about June 7, 2019, Defendant ASR had arranged and contracted with Defendant PATEL to pick up the subject loads/cargo at Dayton and Monmouth, New Jersey on June 10, 2019 and transport the same through to delivery to Southhaven, Mississippi expected on June 12, 2019.

20. Defendant PATEL proceeded to and did pick-up the subject shipments from L'Oreal USA facilities at Dayton and Monmouth Junction, New Jersey on/or about June 10, 2019 for the transport to destination of Southhaven, Mississippi.

21. While in route during Defendants' transport to final destination, the truck and trailer operated by PATEL crashed on Interstate 81 SB in Falling Waters, West Virginia on June 10, 2019 due to operator truck driver PATEL failing to maintain his lane and collided with another truck and trailer parked on the shoulder of the interstate. The subject PATEL trailer jack-knifed and was ripped open physically damaging some of the cargo and exposing the subject shipments to the elements with spillage onto the roadway.

22. The subject recoverable cargos were retrieved by Big K's Towing Service of Inwood, West

Virginia who was hired to clear the roadway of the cargo and debris. Big K stored whatever cargo was recovered for return to shipper/cargo owner L'Oreal USA which was arranged by Defendant BNSF on or about June 17, 2019.

23. On July 10, 2019, a survey was undertaken by Sedgwick for Plaintiff of the returned cargo that included participation of cargo owner L'Oreal to determine the extent and nature of damages to the same.

24. Subsequently to the survey of the physically damaged cargo, it was determined that the cargo involved with these three shipments were unusable by Quality Team of L'Oreal Operations as reported October 12, 2019 in view the accident violated security and shipping standards control, *inter alia*. This included a determination by the Quality Team that the cargo products' integrity was entirely compromised without further recourse to any salvage. Plaintiff's surveyor and L'Oreal agreed the entire affected subject cargos be disposed and destroyed which it was on January 14, 2020 at a waste facility as per its Destroy Log.

25. The cost of the loss for the subject cargo was calculated to be $334,956.05 which includes an insurance deductible of $34,956.00.

26. The provisions of cargo liability and insurance are contained within the TL Motor Carrier Transportation Agreement between Defendant BNSF and L'Oreal USA Inc. applicable to this loss.

27. Defendant ASR does not have any motor truck cargo liability insurance applicable to this loss.

28. The Motor Cargo Liability Insurance Policy for Defendant PATEL is reported to have an insurance coverage limit of $100,000 with a $1,000 deductible in effect when this loss occurred as issued by Drive New Jersey Insurance Company.

29. Defendant BNSF failed to ascertain that its contracted Defendant motor carrier ASR lacked the necessary and required motor truck cargo insurance for the subject shipments.

6

30. For a certain number of years in business with Plaintiff's insured L'Oreal USA Inc., Defendant BNSF knew that it was arranging and contracting for the interstate transportation of high-end, high monetary value cosmetic and beauty products with FTL (full trailer loads) having retail values in the range of several hundred thousands of dollars and often over a million dollars requiring sufficient matching cargo liability insurance coverage limits and/or for full actual values for any loss.

31. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

**PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT ALL DEFENDANTS**

**COUNT ONE – CARRIER LIABILITY UNDER THE CARMACK AMENDMENT FOR CARGO LOSS AND DAMAGE**

32. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 31 of the within Complaint in their entirety, as if set forth herein at length.

33. Defendants' failures to transport, secure and/or store as well as to deliver the subject cargo of cosmetics & health products from shipper L'Oreal USA in Monmouth Junction and Dayton, New Jersey and/or their consignee or their designated receiver in the same good order, quantity and condition as received were caused by Defendants and/or those acting on their behalf and/or as arranged and contracted constitute failures to properly perform and/or negligently perform the interstate contract of carriage of the subject cargo that was owed to the shipper, consignee and/or owner of said cargos as interstate motor carriers and/or freight forwarder of same that resulted from their conduct or omissions to properly receive, store, secure, carry, transport, deliver and/or care for the subject cargos for which each Defendant is liable under the Carmack Amendment as motor carrier, freight forwarder or otherwise as provided by statute.

34. By reason of the premises, Plaintiff and its insured including the insurance deductible have sustained actual damages in the amount of $ 334,956.05   which has been demanded but not paid.

## PLAINTIFF'S ADDITIONAL CAUSE OF ACTION AGAINST DEFENDANT BNSF

### COUNT I – BREACH OF CONTRACT

35  Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 31, of the within Complaint in their entirety as if set forth herein at length.

36. Defendant BNSF's failures to have properly arranged, provided and contracted for the transportation of the subject high-value cargos for delivery to destination in the same good order and condition as received in adhering to their expressed obligations for the motor carriers were breaches of contract to Plaintiff and its consignee insured of said cargos as well as third party beneficiaries of the contract between Defendants.

37. Defendant BNSF's failure to have properly arranged, provided and contracted for the transportation of the subject high-value cargos with sufficient motor truck cargo liability insurance limits to cover any total loss were breaches of contract to Plaintiff and its shipper/owner insured of said cargos.

38. Defendant BNSF knew or should have known Defendant ASR failed to obtain any necessary required motor truck cargo liability insurance that rendered the subject cargos exposed to massive risk for loss and/or damage not bargained for and was a breach of contract to Plaintiff and its shipper/owner of said cargos. In addition, Defendant BNSF failed to inquire as to the approximate monetary value of the subject shipments from Plaintiff's insured L'Oreal.

USA to ensure appropriate motor cargo insurance was obtained and in place for the motor carrier selected for the intended transportation.

39. The contractual obligations owed by Defendant BNSF to Plaintiff and its insured shipper/owner of the said cargos, whether express and/or implied, were established over years in the course of dealing, usage and brokerage services rendered between them including the benefits of compliance with requirements established for the brokerage service between broker and motor carrier.  In addition, the conduct and omissions described in paragraphs 36-39 of the within Complaint constitute obligations owed to Plaintiff and are breaches of contract between Plaintiff/Plaintiff's insured and Defendant BNSF and BNSF was otherwise at fault.

40. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $334,956.05.

### PLAINTIFF'S ADDITIONAL CAUSES OF ACTION   AGAINST DEFENDANT PATEL

#### COUNT I – NEGLIGENCE

41. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 31 of the within Complaint in their entirety as if set forth herein at length.

42. As an authorized operator and driver of the subject motor truck and cargo loaded trailer, Defendant PATEL owed a duty of care to the owner and/or shipper  to properly  provide for and perform the interstate transportation  of  the  subject high-value  cargos  for  delivery  to destination in  the same good order and condition as received at time of pick-up.

43. The failures to properly provide for and perform the interstate transportation of the subject high-value cargos through to delivery to   destination  in  the  same  good  order  and  condition  are

breaches of Defendant PATEL's duties and obligations of care as operator and driver which was the proximate cause of the loss and damage sustained by Plaintiff and its insured.

44. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $334,956.05.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against the named Defendants;

2. That a decree and judgment may be entered in favor of Plaintiff against the Defendants, individually, jointly and severally, for the amount of Plaintiff's actual and full damages in the amount of $334,956.05 or the total damages to be established at trial, together with pre-judgment interest from June 10, 2019 as well as post-judgment interest and costs; and

3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

    s/ Timothy D. Barrow
    TIMOTHY D. BARROW
    Attorney for Plaintiff

Dated: January 26, 2021
    Lebanon, New Jersey