## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AXA INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>BNSF LOGISTICS, LLC, et al.<br><br>*Defendants*. | Civil Action No.<br>21-cv-1210 (PGS)<br><br>ORDER GRANTING<br>MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff AXA Insurance Company's motion for default judgment against Defendant ASR Trucking, LLC (ECF No. 20).

I.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a default judgment can be entered by the Court after default has been entered, but to do so, the Court must determine, whether (1) the Court has jurisdiction over the parties and subject matter, (2) the Defendants have been properly served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff suffered damages. *See Aspen Am. Ins. Co. v. Total Quality Logistics, LLC*, 2019 WL 1275058, at *4 (D.N.J. Mar. 20, 2019); *see also Husain v. Casino Control Comm'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008).[1] These factors are satisfied as set forth below.

(1) The Court has jurisdiction under the Carmack amendment to the Interstate Commerce Act (49 U.S.C. § 14706) and pursuant to 28 U.S.C. § 1331(a). In addition, venue is proper pursuant to 28 U.S.C. § 1391(c) and § 1391(b)(2).

(2) ASR Trucking was served by certified mail and regular mail (ECF No. 11).

---

[1] The Court also must consider three additional factors to determine whether a default judgment should be granted. These factors are: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). There are no facts present to invoke these factors.

(3)     The Complaint set forth a plausible cause of action alleging that Plaintiff AXA insured L'Oreal and paid L'Oreal's claim alleging that its cargo was physically damaged as a result of a trucking accident.

(4)     The amount of damage was $335,498.05 as set forth in the certifications of Ann Makosso and Michael Hartman.

Since the award of pre-judgment interest is within the Court's discretion, the Court declines to do so because the cases cited by Plaintiff's counsel are distinguishable from this case and there is no compelling equitable reason to grant a national insurance company such interest against a small trucking company. *See generally*, *ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73 (3d Cir. 2011); *In re San Lucio*, 2009 U.S. Dist. LEXIS 31681 (D.N.J. Apr. 15, 2009).

Now therefore,

IT IS on this 16th day of November, 2021;

ORDERED that the motion for default judgment in the amount of $335,498.05 is granted.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.